UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS TROGGIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| STEADFAST APARTMENT REIT, INC., RODNEY F. EMERY, ELLA NEYLAND, ANA MARIE DEL RIO, G. BRIAN CHRISTIE, THOMAS PURCELL, KERRY D. VANDELL, NED W. BRINES, STEPHEN R. BOWIE, INDEPENDENCE REALTY TRUST, INC., INDEPENDENCE REALTY OPERATING PARTNERSHIP, LP, IRSTAR SUB, LLC, and STEADFAST APARTMENT REIT OPERATING PARTNERSHIP, L.P., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 26, 2021 (the "Proposed Transaction"), pursuant to which Steadfast Apartment REIT Inc. ("Steadfast" or the "Company") will merge with Independence Realty Trust, Inc. ("IRT"), Independence Realty Operating Partnership, LP ("IRT OP"), and IRSTAR Sub, LLC ("Merger Sub," and together with IRT and IRT OP, "Independence Realty").

2. On July 26, 2021, Steadfast's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with Independence Realty and Steadfast Apartment REIT Operating Partnership, L.P. ("STAR OP").  Pursuant to the terms of the Merger Agreement, Steadfast's stockholders will receive 0.905 shares of IRT common stock for each share of Steadfast common stock they own.

3.     On September 29, 2021, defendants filed a proxy statement/prospectus (the "Prospectus") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Steadfast common stock.

9. Defendant Steadfast is a Maryland corporation and a party to the Merger Agreement. Steadfast's common stock is traded OTC under the ticker symbol "STFR."

10. Defendant Rodney F. Emery is Chief Executive Officer and a director of the Company.

11. Defendant Ella Neyland is President and a director of the Company.

12. Defendant Ana Marie del Rio is a director of the Company.

13. Defendant G. Brian Christie is a director of the Company.

14. Defendant Thomas Purcell is a director of the Company.

15. Defendant Kerry D. Vandell is a director of the Company.

16. Defendant Ned W. Brines is a director of the Company.

17. Defendant Stephen R. Bowie is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant IRT is a Maryland corporation and a party to the Merger Agreement. IRT's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "IRT."

20. Defendant STAR OP is a Delaware limited partnership, a subsidiary of Steadfast, and a party to the Merger Agreement.

21. Defendant IRT OP is a Delaware limited partnership, a subsidiary of IRT, and a party to the Merger Agreement.

22. Defendant Merger Sub is a Maryland limited liability company, a wholly owned subsidiary of IRT, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

23. Steadfast is a real estate investment trust that was formed to acquire and operate a diverse portfolio of well-positioned, institutional-quality apartment communities in targeted markets throughout the United States that have demonstrated high occupancy and income levels across market cycles.

24. On July 26, 2021, Steadfast's Board caused the Company to enter into the Merger Agreement with IRT and STAR OP.

25. Pursuant to the terms of the Merger Agreement, Steadfast's stockholders will receive 0.905 shares of IRT common stock for each share of Steadfast common stock they own.

26. According to the press release announcing the Proposed Transaction:

Independence Realty Trust, Inc. (NYSE: IRT) ("IRT") and Steadfast Apartment REIT, Inc. ("STAR") today announced that they have entered into a definitive merger agreement under which STAR will merge with and into IRT, with IRT surviving as the continuing public company. The merger will join together two high-quality portfolios with complementary geographic footprints in the highly desirable Sunbelt region of the United States. On a pro forma basis, the combined company will own a portfolio of 131 apartment communities comprising approximately 38,000 units across 16 states. The combined company is expected to have a pro forma equity market capitalization of approximately $4 billion and a pro forma total enterprise value of approximately $7 billion.

Under the terms of the merger agreement, each STAR common share will be converted into 0.905 shares of newly issued IRT common stock, including cash in lieu of fractional shares. On a pro forma basis, following the merger, IRT stockholders are expected to own approximately 50% of the combined company's equity, and STAR stockholders are expected to own approximately 50%. The parties currently expect the transaction to close during the fourth quarter of 2021, subject to customary closing conditions, including approval of both IRT and STAR stockholders. This strategic transaction was unanimously approved by the Board of Directors of IRT and the Board of Directors of STAR. . . .

Leadership and Organization

The combined company is committed to retaining a strong, highly qualified and diverse board of directors that has the requisite skills, knowledge and experience to oversee the company and its long-term strategic growth and performance. Upon completion of the merger, the size of the board of directors of IRT will be expanded to 10 members, comprised of five incumbent directors of IRT and five incumbent directors of STAR. Scott F. Schaeffer will continue to serve as Chairman of the Board of Directors of the combined company.

Mr. Schaeffer will continue to lead the combined company as the Chief Executive Officer. James J. Sebra will continue to serve as Chief Financial Officer of the combined company. Farrell Ender will continue to serve as President of the combined company. Jessica Norman, currently IRT's Executive Vice President and General Counsel, will serve as Chief Legal Officer of the combined company. Ella S. Neyland, currently STAR's President, Chief Financial Officer and Treasurer, will join the combined company as its Chief Operating Officer. . . .

Advisors

Barclays is acting as lead financial advisor and BMO Capital Markets is acting as financial advisor, and Troutman Pepper Hamilton Sanders LLP is acting as legal advisor to IRT. RBC Capital Markets, LLC and Robert A. Stanger & Co., are acting as financial advisors, and Morrison & Foerster LLP is acting as legal advisor to STAR.

***The Prospectus Omits Material Information, Rendering It False and Misleading***

27. Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Prospectus omits material information.

29. First, the Prospectus omits material information regarding the Company's and IRT's financial projections.

30. The Prospectus fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Prospectus omits material information regarding the financial analyses performed by RBC Capital Markets, LLC ("RBC"), Robert A. Stanger & Co. ("RAS"), Barclays Capital Inc. ("Barclays"), and BMO Capital Markets Corp. ("BMO").

33. With respect to RBC's Selected Public Companies Analyses, the Prospectus fails to disclose the individual multiples and metrics for the companies observed in the analyses.

34. With respect to RBC's Discounted Cash Flow Analyses, the Prospectus fails to disclose: (i) the projected unlevered free cash flows used in the analyses and all underlying line items; (ii) the terminal values; (iii) the individual inputs and assumptions underlying the discount rates; and (iv) RBC's basis for selecting the multiples used in the analyses.

35. With respect to RBC's research analysts' price targets analysis, the Prospectus fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36. The Prospectus fails to disclose a fair summary of the analyses performed by RAS.

37. With respect to Barclays' Selected Comparable Company Analyses, the Prospectus fails to disclose the individual multiples and metrics for the companies observed in the analyses.

38. With respect to Barclays' Discounted Cash Flow Analyses, the Prospectus fails to disclose: (i) the projected unlevered free cash flows used in the analyses and all underlying line items; (ii) the terminal values; and (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates.

39. With respect to Barclays' Selected Precedent Transaction Analysis, the Prospectus fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analysis; (ii) the closing dates of the transactions; and (iii) the total values of the transactions.

40. With respect to Barclays' Equity Research Analyst Price Targets Analysis and Equity Research Analyst NAV Analysis, the Prospectus fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

41. With respect to BMO's Selected Publicly Traded Companies Analyses, the Prospectus fails to disclose the individual multiples and metrics for the companies observed in the analyses.

42. With respect to BMO's Analyses of Net Asset Values, the Prospectus fails to disclose the transactions used in the analyses.

43. With respect to BMO's Discounted Cash Flow Analyses, the Prospectus fails to disclose: (i) the unlevered free cash flows used in the analyses and all underlying line items; and (ii) the individual inputs and assumptions underlying the discount rates and terminal capitalization rates.

44. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45. Third, the Prospectus omits material information regarding the financial advisors' engagements.

46. The Prospectus fails to disclose the amount of compensation RBC received for the prior services it provided to the Company.

47. The Prospectus fails to disclose whether RBC has performed prior services for IRT or its affiliates, and if so, the timing and nature of the services and the amount of compensation received by RBC for providing the services.

48.     The Prospectus fails to disclose the timing and nature of the prior services RAS provided to Steadfast.

49.     The Prospectus fails to disclose whether RAS has performed prior services for IRT or its affiliates, and if so, the timing and nature of the services and the amount of compensation received by RAS for providing the services.

50.     The Prospectus fails to disclose whether IRT intends to pay the $2 million in discretionary fees to Barclays.

51.     The omission of the above-referenced material information renders the Prospectus false and misleading.

52.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Steadfast

53.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54.     The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Steadfast is liable as the issuer of these statements.

55.     The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

56. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

57. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

58. The Prospectus is an essential link in causing plaintiff to approve the Proposed Transaction.

59. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60. Because of the false and misleading statements in the Prospectus, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and IRT

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants and IRT acted as controlling persons of Steadfast within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Steadfast and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63. Each of the Individual Defendants and IRT was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

65. IRT also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

66. By virtue of the foregoing, the Individual Defendants and IRT violated Section 20(a) of the 1934 Act.

67. As set forth above, the Individual Defendants and IRT had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 2, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

*Attorneys for Plaintiff*